# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY STENSON,

              Petitioner,

v.

              Case No. 20-CV-997-JPS

RANDELL HEPP,

              **ORDER**

              Respondent.

In 2001, Anthony Stenson ("Petitioner") was found guilty of first-degree intentional homicide by a jury in Milwaukee County Circuit Court. (Docket #1 at 2). On July 1, 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*Id.*) The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Cases. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

According to his petition and publicly available records, a jury found Petitioner guilty of one count of first-degree intentional homicide after a trial in 2001, and he was sentenced to life imprisonment. *State of Wisconsin*

*v. Anthony D. Stenson*, Milwaukee County Case Number 2001CF000756, *available at*: https://wcca.wicourts.gov/. State court records indicate that Petitioner filed a notice of intention to pursue post-conviction relief on July 17, 2001. *Id.* However, to date, Petitioner has not pursued any direct appeal from the judgment of conviction. *Id.*; (Docket #1 at 3). It was not until April 28, 2020 that Petitioner filed a motion for state post-conviction relief pursuant to Wisconsin's habeas corpus statute, Wis. Stat. § 782 *et seq.* (Docket #1 at 4–5). The Wisconsin Court of Appeals permitted Petitioner to proceed without payment of the filing fees. *State of Wisconsin v. Anthony D. Stenson*, Milwaukee County Case Number 2001CF000756, *available at*: https://wcca.wicourts.gov/; (Docket #1-1 at 3). Petitioner then moved the appellate court for default judgment, which the court denied on June 11, 2020. (*Id.* at 4). It appears that the matter is still pending in the Wisconsin Court of Appeals. *Id.*

A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a

full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner's habeas grounds are predicated on the alleged ineffective assistance of both his trial and appellate counsel, (Docket #1 at 5–26), as well as prosecutorial, police, and judicial misconduct. (*Id.* at 27–48). Petitioner filed no direct appeal of his conviction, and his state habeas petition addressing his claims is still pending in the Wisconsin Court of Appeals. The Wisconsin Supreme Court has not had the opportunity to review any of Petitioner's claims. Thus, Petitioner has not sufficiently exhausted his state remedies.

A petitioner is permitted "to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case [is fully exhausted]." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). By doing so, a petitioner may be able to avoid passing the one-year time limitation to filing a habeas petition in federal court. 28 U.S.C. § 2244(d)(1)(A). This method is available where a petitioner has either a "mixed" petition containing both exhausted and unexhausted grounds for relief, or a petition with only unexhausted grounds for relief. *Blank v. Dittman*, 674 F. Supp. 2d 1100, 1101 (E.D. Wis. 2009) ("stay and abeyance is available even where a petition contains no exhausted claims").

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, "even if a petitioner had good cause for that failure, the district court would

abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* An "unexhausted claim is meritless [when] it is untimely." *Foster v. Korte*, No. 12-CV-1172-DRH-CJP, 2014 WL 5347648, at *3 (S.D. Ill. Oct. 21, 2014); *see also Williams v. Superintendent*, No. 3:10-CV-381, 2011 WL 1102865, at *2 (N.D. Ind. Mar. 23, 2011) ("the stay and abeyance procedure set forth in *Rhines* is limited to timely petitions").

A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)). Where a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires" under state law. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012).

In the present case, all of Petitioner's claims are unexhausted, but he requests that this Court stay and hold his federal habeas petition in abeyance while he exhausts his state court remedies. (Docket #1 at 50). Even if this Court were to find that Petitioner had good cause for bringing unexhausted claims to federal court, he has already missed the one-year limitation in which to bring his habeas petition. After his conviction, Petitioner timely filed a notice of intent to pursue postconviction relief. Wis.

Stat. § 809.30(2)(b).[1] He was then required to "request a transcript of the court reporter's verbatim record . . . within 30 days after filing a notice [of intent to pursue postconviction relief]." *Id.* § 809.30(2)(f). Petitioner failed to make this request. His judgment became final when he missed the thirty-day deadline, and he ultimately failed to pursue any post-conviction relief until nearly two decades later when he began seeking habeas relief. Petitioner has not sufficiently alleged, nor is there evidence in the record, that he "has been pursuing his rights diligently" which would allow the Court to equitably toll the limitation period.[2] *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). Thus, this Court is not permitted to stay and hold Petitioner's federal habeas petition in abeyance. Further, the Court is obliged to deny the petition and dismiss this action with prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of

---

[1]Under Wisconsin law, "[w]ithin 20 days after the date of sentencing or final adjudication, the person shall file in circuit court and serve on the prosecutor and any other party a notice of intent to pursue postconviction or postdisposition relief." Wis. Stat. § 809.30(2)(b). Petitioner was sentenced on June 28, 2001 and filed his notice of intent to pursue post-conviction relief on July 17, 2001. *State of Wisconsin v. Anthony D. Stenson*, Milwaukee County Case Number 2001CF000756, available at: https://wcca.wicourts.gov/.

[2]Petitioner has provided the Court with copies of letters meant to demonstrate his attempts to seek relief in his case. Among these are four letters Petitioner sent to the various lawyers involved in his case, all of which were not sent until March 2020. (Docket #1-2 at 9–12). There is a 2020 letter to the Wisconsin Office of Lawyer Regulation requesting help in getting a refund from one of his previous attorneys. (*Id.* at 26–27). In 2015, Petitioner asked the Wisconsin Court of Appeals about the status of his case (the court responded that "no appeal [had] been initiated"). (*Id.* at 8). Petitioner also provides a 2013 letter from the Wisconsin Innocence Project requesting additional information from Petitioner. (*Id.* at 21–24). And, finally, Petitioner makes reference to having reached out to the Wisconsin Public Defender's office in 2013. (*Id.* at 27).

appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Finally, in light of the above order, the Court will deny, as moot, Petitioner's motions for consideration. (Docket #5, #6).

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for expedited consideration (Docket #5) and second motion for consideration (Docket #6) be and the same are hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2020.

BY THE COURT

J.P. Stadtmueller
U.S. District Judge