# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY STENSON,

        Petitioner,

v.

RANDELL HEPP,

        Respondent.

Case No. 20-CV-997-JPS
7th Circuit Case No. 21-2040

**ORDER**

      On December 14, 2020, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #7). The Court determined that the petition was untimely and no exceptions to the statute of limitations applied. (*Id.*) The Court dismissed the petition with prejudice. (*Id.*) Petitioner has filed three motions for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (Docket #9, #10, #11).

      Rule 60(b) allows a court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). A court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

      Petitioner fails to discuss any of the specific grounds for relief outlined in Rule 60(b)(1)–(5). Instead, in each of his motions for reconsideration, Petitioner states that his private attorneys did not file the appropriate post-conviction relief and he should not be held accountable for his private attorneys' errors. *See* (Docket #9 at 1–3, 5–7; #10 at 1–3, 5–7,

11; #11 at 5). Petitioner does not explain why he has not pursued any direct appeal from the judgment of conviction in the twenty years since he was sentenced, other than to blame the private attorneys. (*Id.*) Therefore, the Court finds that none of the specific Rule 60(b) grounds apply to Petitioner's motion. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (Rule 60(b) motion denied because movant "failed to even argue" the grounds for relief). This alone is sufficient grounds to deny the motion. *Nelson v. Napolitano*, 657 F.3d 586, 589–90 (7th Cir. 2011).

Because the reasons for relief in Rule 60(b)(1)–(5) are inapplicable, the Court is left with the generic catchall provision of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." As explained below, the Court finds no such reason(s) here.

Based on Petitioner's submissions and publicly available records, it appears that Petitioner's private attorney did not file any motions beyond the notice of intention to pursue post-conviction relief in 2001, and when Petitioner hired another firm on retainer in 2003, they also did not file any motions for post-conviction relief. (Docket #9-1 at 3–9); *State of Wisconsin v. Anthony D. Stenson*, Milwaukee County Case Number 2001CF000756, *available at*: https://wcca.wicourts.gov/. In 2006, copies of transcripts were forwarded to Attorney Bridget Boyle-Saxton, but no motions for post-conviction relief were filed. *State of Wisconsin v. Anthony D. Stenson*, Milwaukee County Case Number 2001CF000756, *available at*: https://wcca.wicourts.gov/. There is a fourteen-year gap between the activity in 2006 and Petitioner filing a motion for state post-conviction relief

pursuant to Wisconsin's habeas corpus statute, Wis. Stat. § 782.01 *et seq.*, on April 28, 2020. *Id.* Petitioner provides no explanation for why he did not file any post-conviction motions during this time. In sum, Petitioner's motions do not present the exceptional circumstances required by Rule 60(b). Therefore, the Court finds that Petitioner's motions do not merit relief under Rule 60(b) and will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's motions for reconsideration (Docket #9, #10, #11) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge